UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MINOR CHILD BY AND THROUGH HER                           PLAINTIFFS
PARENTS AND NEXT FRIENDS JOHN
DOE AND JANE DOE PARENTS, et al.

V.                             CIVIL ACTION NO. 3:24-CV-177-KHJ-MTP

CANTON PUBLIC SCHOOL DISTRICT                              DEFENDANT

ORDER

Before the Court is Plaintiffs' [8] Motion to Remand.[1] The Court grants the motion and remands the case to the Circuit Court of Madison County, Mississippi.

I.   Background

This case arises from a high school teacher allegedly sexually assaulting a minor student on school property. *See* Compl. [1-1] at 2–4. Plaintiffs sued Canton Public School District ("the District") in Madison County Circuit Court. *Id.* at 1. They alleged federal constitutional claims pursuant to 42 U.S.C. § 1983 and state-law claims for negligence and "intentional acts." *See id.* at 5–9.

The District removed the case to this Court, invoking federal question jurisdiction. *See* [1] ¶¶ 2–3. They contended removal was proper because Plaintiffs raised federal claims. *Id.* Plaintiffs then sought, and the Court granted, leave to amend their Complaint and remove their federal claims. Pls.' Mot. to Am. [3] ¶¶ 3,

---

[1] The Plaintiffs are (1) Minor Child by and Through Her Parents and Next Friends John Doe and Jane Doe Parents; (2) Jane Doe Parent, individually; and (3) John Doe Parent, individually. *See* Am. Compl. [7]. For simplicity, the Court refers to them collectively as "Plaintiffs."

5; Order [6]. They then moved to remand the case to state court. *See* [8]. The District opposes this request and asks the Court to retain supplemental jurisdiction over the remaining state-law claims. Def.'s Resp. [12] at 7–9. The District contends Plaintiffs are forum-shopping by dismissing their federal claims to defeat jurisdiction and insists that granting remand undermines the integrity of the judicial process. *Id.* at 9–10.

II. Standard

When a case is removed to federal court based on federal question jurisdiction and the original basis for federal jurisdiction is eliminated, a federal court's jurisdiction is not defeated, but the court must determine whether it should continue to exercise jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158–59 (5th Cir. 2011). "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Brookshire Brothers Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

This analysis should be based on the statutory factors in 28 U.S.C. § 1367(c) and the common law factors of judicial economy, convenience, fairness, and comity. *Enochs*, 641 F.3d at 159 (citation omitted). Section 1367 states that a district court may decline to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in

2

>exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As to the common law factors, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the factors generally weigh such that the court should decline to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Further, "[j]udicial economy favors remand when the district court has devoted 'hardly any federal resources, let alone a significant amount of resources' to the state law claim at the time the federal claims were dismissed." *Savoy v. Pointe Coupee Par. Police Jury*, No. 15-CV-128, 2015 WL 3773418, at *3 (M.D. La. June 16, 2015) (quoting *Enochs*, 641 F.3d at 159). "Convenience favors remand when all parties, witnesses, and evidence are located within the jurisdiction of the same state court." *Id.* (citing *Enochs*, 641 F.3d at 160). It is fair for a state court to hear purely state-law claims when nothing in the record indicates that either party will be prejudiced by remand. *Enochs*, 641 F.3d at 160. And a court must "consider and balance each of the factors" with a cautionary eye directed toward improper forum shopping. *Id.* at 159.

III. Analysis

The statutory and common law factors favor remand. The Court has dismissed all claims over which it has original jurisdiction. And that provides appropriate grounds to decline to exercise supplemental jurisdiction under § 1367(c)(3).

3

Further, Plaintiffs dismissed their federal claims soon after removal, and the Court has devoted hardly any resources to the remaining state-law claims. This action concerns a school district in Canton, Mississippi, so it is convenient to have the case handled in the state court where the District and witnesses are located. Nothing in the record suggests that either party would be prejudiced by returning to state court. And the principles of comity and federalism favor remand. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 590 n.12 (5th Cir. 1992) ("[T]he interests of comity and federalism are better served when federal courts avoid unnecessary determinations of state law."). While district courts should guard against forum manipulation, a motion to amend a complaint "to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Enochs*, 641 F.3d at 160.

In sum, the overall balance of statutory and common law factors weighs heavily in favor of remand. So the Court declines to exercise supplemental jurisdiction over the purely state-law claims. The Court therefore grants Plaintiffs' motion to remand.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Plaintiffs' [8] Motion to Remand. This case is hereby REMANDED to the Circuit Court of Madison County, Mississippi, and a certified copy of this Order shall be

immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

SO ORDERED AND ADJUDGED, this 21st day of June, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE